DICKSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-159-CR

JEFFREY ANDREW DICKSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

I.  I
NTRODUCTION

In two counts, appellant Jeffery Andrew Dickson (“Dickson”), a former police officer with the Trophy Club Police Department, was charged with sexual assault (“count one”) and violation of civil rights (“count two”) after having sex while on duty with a woman who was allegedly
 in his custody.  Dickson pled not guilty to count one, but refused to enter a plea on count two, forcing the trial court to enter a plea of not guilty on his behalf.  After trial, a jury found Dickson guilty of count two, but could not reach a verdict as to count one, which resulted in the trial court declaring a mistrial as to that count.  The trial court assessed punishment on count two at one year in state jail.  In a single point, Dickson claims that the evidence is factually insufficient to establish that he committed a violation of civil rights.  We affirm.

II.  F
ACTUAL
 B
ACKGROUND
 

According to Dickson, on the early morning of October 5, 1997, he noticed two cars driving down Trophy Club Drive.  In the second car, a Volvo, there appeared to be two people sitting in the driver’s seat, and one person was hanging out of the window throwing up.  The Volvo was also swerving prompting Dickson to initiate a traffic stop.

When Dickson turned on his overhead lights, both cars stopped, one girl exited from the Volvo, another exited from the other car, and both rapidly approached Dickson.  The girls told Dickson that there was a sick person inside the Volvo.  Dickson made contact with the sick person, the complainant, in order to ascertain what was wrong with her.  The complainant was throwing up, dry heaving, and generally incoherent.  Dickson questioned the complainant in an attempt to get information about her condition, but received no reply. Dickson testified that he had never seen anybody in this condition on the side of the road, and he was not sure what to do.  Feeling the girls were not essential to his investigation, he asked them to leave, which they did, leaving behind the complainant’s Volvo.  Dickson then informed the complainant that he would place her under arrest for driving while intoxicated if she was not more cooperative.  In response, the complainant produced a driver’s license and indicated that the address on her driver’s license was incorrect.  She was able, however, to provide Dickson with her correct address within Trophy Club. 

Dickson testified that because Trophy Club was a relatively small community and it was his common practice to give the residents of the city a “break,” he decided to drive the complainant to her home.  Without handcuffing the complainant, Dickson escorted her out of her car and placed her in the back seat of his patrol car.  After driving past the complainant’s house, Dickson drove the complainant to a remote location in Trophy Club, where they performed oral sex on each other and engaged in sexual intercourse.  The complainant claimed the sexual acts were not consensual, and Dickson claimed they were.

III.  S
TANDARD
 
OF
 R
EVIEW 

The court of criminal appeals has recently restated and clarified the standard of review to be used by appellate courts in reviewing the factual sufficiency of the evidence to support a conviction.  
See
 
Zuniga v. State
, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. April 21, 2004). 
 In 
Zuniga
, the court held:

There is only one question to be answered in a factual-sufficiency 
review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt?
   However, there are two ways in which the evidence may be insufficient.
  
First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt.  
 Second, there may be both evidence supporting the verdict and evidence contrary to the verdict.  
Weighing all the evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so the guilty verdict should not stand. 
 This standard acknowledges that evidence of guilt can “preponderate” in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. 
 Stated another way, evidence supporting guilt can “outweigh” the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard.
 
 

Zuniga
, 2004 WL 840786, at *7. To make a determination of factual sufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson v. State
, 23 S.W.3d 1, 12 (Tex. Crim. App. 2003).  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

IV.  R
ELEVANT
 E
VIDENCE 

A peace officer commits a violation of civil rights if he “engages in sexual contact, sexual intercourse, or deviate sexual intercourse with an individual in custody.” 
Tex. Penal Code Ann.
 § 39.04(a)(2) (Vernon 2003).  Custody is defined as “the detention, arrest, or confinement of an adult offender.”  
Id
. 
§ 39.04(e)(2).  Here, the indictment on the civil rights charge alleged the complainant was in Dickson’s custody at the time they engaged in sexual activity, and the definition of custody in Section 39.04(e)(2) was incorporated into the court's charge.  On appeal, Dickson specifically contends that the evidence is factually insufficient to prove that the complainant was “in custody.”  
We disagree. 

Initially, it is important to note that Dickson testified on both direct and cross-examination that the jury was entitled to find him guilty on count two because of his own statements.  Further, in closing arguments, both of Dickson’s attorneys told the jury that Dickson had admitted guilt as to count two, and the attorneys went on to ask the jury to find him guilty on that count. Now, on appeal, Dickson and the same attorneys that represented him at trial argue the jury verdict was manifestly unjust even though the jury did exactly what they requested.    

In addition to Dickson’s testimony, undisputed evidence shows that the complainant was detained.  Under Section 39.04(e)(2), “[a] person is detained if, from her perspective, there was such a display of official authority that a reasonable person would have thought she was not free to leave.” 
 
See Potter v. State
, No. 01-94-00501,502-CR, 1995 WL 752460, at *8 (Tex. App.—Houston [1
st
 Dist.] Dec. 21, 1995, pet. ref’d) (not designated for publication) (finding evidence factually sufficient to show “detention,” when, after pulling the complainant over and gaining possession of her insurance and identification card, officer ordered complainant to follow him in her car to an empty parking garage where he forced her to engage in sex)
.
 
Here, the complainant was placed in the back of Dickson’s squad car at the scene of a traffic stop, and such detention continued to the location where Dickson engaged in prohibited sexual activity with the complainant.
  Likewise, there was no dispute that Dickson was an on-duty, uniformed police officer, that he carried a gun, or that he instructed the complainant to get out of her car and into his squad car.  
Under the facts of this case, a reasonable person in the complainant’s position would not have felt she was free to leave.

In addition to the undisputed evidence of confinement, there was other conflicting evidence of confinement.  The complainant testified that Dickson told her at the scene of the stop that he should take her to jail.  She told him that she did not want to go to jail and that she was not drunk, but sick.  She testified that Dickson said there was a way to keep from going to jail and began asking her what she would do for him to stay out of jail.  At first, the complainant did not understand what Dickson was asking for, but once she did she said, “Just take me to jail.”  After giving the complainant several reasons why she did not want to go to jail, Dickson instructed her to get in the back of his patrol car.  The complainant felt like she was being placed under arrest.  She testified that she was “trapped” in the back seat of his squad car.

Dickson testified that it was not him, but the complainant who broached the subject of having sex with him by telling him that if he took her home instead of to jail, they could undress each other and he could help her get into bed.  Dickson testified that upon discovering the complainant’s boyfriend’s car in the complainant’s drive way and seeing that the lights were on inside the house, the complainant suggested they go somewhere else and have sex.  On appeal, Dickson argues that even if he had previously restrained the complainant by putting her in the back seat of his squad car, the complainant’s “freedom of movement” was not restrained because, by suggesting they go somewhere else to have sex, she voluntarily accompanied Dickson from that point forward.  
According to the complainant, she had no choice but to go with Dickson, who after driving past her house and seeing it was occupied, kept driving, told her to lie down in the seat, drove to a remote location, and raped her.

Even though Dickson’s account of what happened differed from that of the complainant, the jury alone determines what weight to give contradictory testimonial evidence since it depends on an evaluation of credibility and demeanor.
(footnote: 1)  
Cain v. State
, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). Here, the jury was rationally justified in determining beyond a reasonable doubt that the complainant was in custody at the time Dickson had sex with her. 
 See Zuniga
, 2004 WL 840786, at *7.
  Therefore, we overrule Dickson’s sole point. 

V. C
ONCLUSION 

Having overruled Dickson’s sole point, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

PUBLISH

DELIVERED: June 17, 2004

FOOTNOTES
1:
Dickson argues that since the jury did not convict him of sexual assault as alleged in count one, the jury did not believe the complainant’s testimony on the issue of “consent,” which, in turn, demonstrates that it did not believe her on the issue of “custody.”  However, this reasoning is flawed.  While the jury returned a divided eight to four verdict on count one, this only means that some jurors believed the complainant had been raped by Dickson and some jurors believed that they had consensual sex.  The unanimous guilty verdict on count two means that even those jurors who believed the sex was consensual still believed it occurred while the complainant was in custody.