# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00162-CR

**John Pastrano, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-04-793, HONORABLE GARY L. STEEL, JUDGE PRESIDING

### O P I N I O N

Following a bench trial, appellant John Pastrano was adjudged guilty of engaging in improper sexual activity with a person in custody. The court assessed appellant's punishment at two years in state jail, suspended imposition of sentence, and placed appellant on community supervision for three years. In his only point of error, appellant urges that the evidence is legally insufficient to support the conviction. We find this contention to be without merit and affirm the conviction.

The indictment in this case alleged that on or about September 10, 2004, appellant:

> intentionally engage[d] in sexual contact with [H.C.], who was then and there in custody, by touching the said [H.C.]'s breast with his hand with intent to arouse or gratify the Defendant's sexual desire, and the said Defendant was then and there a peace officer employed by the Hays County Sheriff's Department.

This indictment alleged an offense under penal code section 39.04(a)(2), which, at the time, provided that it was an offense for an official, employee, or volunteer at a correctional facility or for a peace officer to intentionally "engage[] in sexual contact, sexual intercourse, or deviate sexual intercourse with an individual in custody." Act of May 23, 2001, 77th Leg., R.S., ch. 1070, § 1, 2001 Tex. Gen. Laws 2359 (amended 2007) (current version at Tex. Penal Code Ann. § 39.04(a)(2) (West Supp. 2007)).[1] No witnesses testified at appellant's trial. Instead, appellant and the State stipulated to the following facts:

> 1.     On or about September 10, 2004, I, John Pastrano, was a peace officer employed as a deputy sheriff by the Hays County Sheriff's Department.
>
> 2.     On that same date, under my authority as a peace officer, I, John Pastrano detained the same [H.C.] named in the indictment in this case, pursuant to a traffic stop.
>
> 3.     During the period of time that [H.C.] was detained by me, I, John Pastrano touched [H.C.]'s breast with my hand, with the intent to arouse or gratify my sexual desire.
>
> 4.     All of the facts recited above relate to events which occurred in Hays County, Texas.
>
> 5.     [H.C.] was at no time on September 10, 2004, arrested for, confined for, or convicted of any offense.

In the context of this case, the elements of the offense defined in section 39.04(a)(2) are: (1) a peace officer, (2) intentionally, (3) engages in sexual contact, and (4) with an individual

---

[1] The applicable definitions of "sexual contact," "sexual intercourse," and "deviant sexual intercourse" are those found in penal code section 21.01. Tex. Penal Code Ann. § 39.04(e)(3) (West Supp. 2007); *see id*. § 21.01.

in custody. Appellant stipulated that he was a peace officer and that he touched H.C.'s breast with the intent to arouse or gratify his sexual desire, satisfying the first three elements. Appellant's challenge to the sufficiency of the evidence is directed to the fourth element of the offense.

The penal code defines "individual" as a living human being. Tex. Penal Code Ann. § 1.07(a)(26) (West Supp. 2007). Section 39.04 defines "custody" as "the detention, arrest, or confinement of an adult offender or the detention or the commitment of a juvenile offender to a facility operated by or under a contract with the Texas Youth Commission or a facility operated by or under a contract with a juvenile board." *Id*. § 39.04(e)(2) (West Supp. 2007). A person is detained within the meaning of section 39.04 if, from her perspective, there was such a display of official authority that a reasonable person would think that she is not free to leave. *Dickson v. State*, 144 S.W.3d 61, 63 (Tex. App.—Fort Worth 2004, pet. ref'd).

It is undisputed that H.C. was an individual, and appellant stipulated that she was detained and hence in custody. Nevertheless, appellant argues that under section 39.04(e)(2), the State must prove that the complaining witness was an "adult offender" or a "juvenile offender." He notes that the statute originally defined "custody" as "the detention, arrest, or confinement of a person." Act of May 24, 1997, 75th Leg., R.S., ch. 1406, § 1, 1997 Tex. Gen. Laws 5265, 5266. In 1999, the legislature amended the definition to read substantially as it does today. Act of May 10, 1999, 76th Leg., R.S., ch. 158, § 1, 1999 Tex. Gen. Laws 630, 631.[2] Appellant argues that the 1999 amendment had the effect of narrowing the application of section 39.04 with respect to those

---

[2] The current definition was adopted in 2001. Act of May 24, 2001, 77th Leg., R.S., ch. 1297, § 69, 2001 Tex. Gen. Laws 3142, 3174.

who are protected against a peace officer's sexual behavior. Appellant contends that under the present definition of "custody," evidence that a peace officer engaged in sexual contact with a detained *person* is not sufficient to establish an offense under section 39.04(a)(2). Rather, he urges that the State must prove that the detainee was either an "adult offender" or a "juvenile offender." In other words, although section 39.04(a)(2) says that it is unlawful for a peace officer to engage in sexual contact with an *individual* in custody, appellant argues that the statute must be read to prohibit sexual contact only with an "adult offender" or a "juvenile offender" in custody. Acknowledging that these terms are nowhere defined, appellant suggests that an adult is someone seventeen years of age or older, and that an offender is someone who has committed an offense, or who has been accused of, arrested for, or formally charged with an offense. He asserts that someone who has merely been detained on reasonable suspicion is not an "offender" within the meaning of section 39.04(e)(2).

The stipulated facts are silent with respect to H.C.'s age. Moreover, it was stipulated that H.C. had been detained for a suspected traffic offense, but that she had not been arrested, confined, or convicted. Therefore, appellant argues, the stipulated facts fail to establish that H.C. was an "adult offender" (or, for that matter, a "juvenile offender"), and for that reason the evidence is legally insufficient to sustain his conviction. Although appellant's argument is based on the statutory definition of "custody," he does not contend that the evidence is insufficient in that respect.

In construing a statute, we generally focus on the text because it is the only definitive evidence of what the legislators had in mind when the statute was enacted. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We may consider extratextual factors, however, if the

4

statutory language is ambiguous, or if the plain language of the statute would lead to an absurd result the legislature could not possibly have intended. *Id*. We believe that the terms "adult offender" and "juvenile offender" are ambiguous on their face. *See State v. Neesley*, No. PD-1396-06, 2007 Tex. Crim. App. LEXIS 1560, at *7 (Tex. Crim. App. Nov. 7, 2007) (stating that ambiguity exists when statute is capable of being understood by reasonably well-informed persons in two or more different senses).

In common usage, an offender is a person who has offended against the law. *See* Tex. Gov't Code Ann. § 311.011(a) (West 2005) (words shall be construed according to common usage). Therefore, must a person be in custody following a criminal conviction to be an "offender" within the meaning of section 39.04(e)(2)? That interpretation of the statute is foreclosed by the language of subsection (e)(2) itself, which refers to the "detention, arrest, or confinement" of offenders. Detention and arrest precede conviction, and confinement can do so as well. If subsection (e)(2) does not require proof of a conviction, does it at least require proof that the person in custody was guilty of the offense, as appellant suggests? That would mean that the legislature intended to prohibit peace officers from engaging in sexual activity with individuals who are guilty of the offense for which they are in custody, but did not intend to prohibit sexual activity with individuals who are in custody but innocent. That is a distinction and a result that the legislature could not reasonably have intended. Alternatively, appellant proposes that an "offender" is a person who has been arrested for or accused of a crime, but arrest and accusation are not evidence of guilt. And if, as appellant argues, a presumptively innocent person is an "offender" when arrested, why is that person not an "offender" when detained, and why does subsection (e)(2) refer to detained offenders?

Finally, is there any evidence in the statutory history to support appellant's implicit assertion that in defining "custody," the legislature also intended to define "individual"?

To resolve this ambiguity, we must consider the language and history of section 39.04 in its entirety, and the object sought to be attained by the 1999 amendment. *See id*. § 311.023 (statute construction aids). As added to section 39.04 by amendment in 1997, subsection (a)(2) prohibited an "official or employee of a correctional facility or a peace officer" from engaging in sexual activity with an individual in custody. Act of May 24, 1997, 75th Leg., R.S., ch. 1406, § 1, 1997 Tex. Gen. Laws 5265, 5266.[3] The only applicable definition of "correctional facility" was that found in penal code section 1.07(a)(14), which defines the term as "a place designated by law for the confinement of a person arrested for, charged with, or convicted of a criminal offense." Tex. Penal Code Ann. § 1.07(a)(14) (West Supp. 2007). Because juveniles cannot be arrested for, charged with, or convicted of a criminal offense, a "correctional facility" within the meaning of section 1.07(a)(14) is an *adult* correctional facility. Thus, section 39.04(a)(2) as originally enacted applied only to officials and employees of adult correctional facilities.

In 1999, the legislature amended section 39.04 to add a special definition of "correctional facility" that includes both adult and juvenile facilities, thereby extending the application of the statute to officials and employees of juvenile correctional facilities. Act of May 10, 1999, 76th Leg., R.S., ch. 158, § 1, 1999 Tex. Gen. Laws 630, 631 (found at Tex. Penal Code Ann. § 39.04(e)(1) (West Supp. 2007)). By the same act, the legislature also amended the definition

---

[3] Prior to this amendment, the statute prohibited violations of the civil rights of persons in custody. That prohibition remains in the statute as subsection (a)(1). Tex. Penal Code Ann. § 39.04(a)(1) (West Supp. 2007).

of "custody" to refer to "adult offenders" and "juvenile offenders." *Id*. Considering the 1999 amendments as a whole, we conclude that the definition of "custody" was amended to reflect the *broader* application of the statute intended by the other 1999 amendments. Section 39.04(e)(2) distinguishes between adults and juveniles because custody can take different forms for adults and juveniles. For example, as a matter of law, only adults can be arrested. *See* Tex. Fam. Code Ann. § 52.01(b) (West Supp. 2007) ("The taking of a child into custody is not an arrest . . . ."). On the other hand, only juveniles can be committed to a juvenile facility. The term "offender" is more problematic, but we conclude that the legislature used this term because the conduct with which section 39.04 is concerned most often (but not always) takes place in a correctional facility and involves individuals who are, in fact, convicted offenders. However, there is nothing in the history of section 39.04 or in the plain language of subsection (e)(2) to suggest that the legislature intended the terms "adult offender" and "juvenile offender" to define or limit the meaning of "individual" in subsection (a)(2).

Section 39.04(a)(2) unambiguously prohibits a peace officer from engaging in sexual contact with an individual in custody. Under section 39.04(e)(2), both adults and juveniles are deemed to be in custody when they are detained. Appellant stipulated that H.C. was detained. Therefore, to require the State to prove H.C.'s age would be to require proof of a fact that is irrelevant to the offense, an absurd result that the legislature could not have intended.[4]

---

[4] In 2007, the legislature amended section 39.04 to provide that an offense under subsection (a)(2) is a second degree felony, rather than a state jail felony, if the victim was a juvenile in the custody of the Texas Youth Commission or of a correctional facility financed primarily with state funds. Act of May 18, 2007, 80th Leg., R.S., ch. 263, § 62, 2007 Tex. Sess. Laws 422, 446; Act of May 22, 2007, 80th Leg., R.S., ch. 378, § 3, 2007 Tex. Sess. Laws 681, 682. For offenses committed after the effective date of this amendment, the distinction between adults and juveniles will sometimes be relevant to the punishment for a violation of subsection (a)(2).

*See Boykin*, 818 S.W.2d at 785. To require proof that H.C. was an "offender" as appellant defines the term—that is, to require proof that H.C. was guilty of the traffic offense for which she was detained or, alternatively, to require proof that she had been arrested for, confined for, or convicted of the offense—would deny her the protection of the statute even though, by appellant's own admission, H.C. was in custody when he intentionally touched her breast for his sexual gratification.

In light of the history and text of section 39.04 as a whole, we are convinced that the legislature intended to prohibit a peace officer from engaging in sexual contact with any individual in the officer's custody, adult or juvenile, guilty or innocent, and that the legislature did not intend to excuse such conduct if the individual is thereafter released from custody without being accused of a crime. We hold that the stipulated facts are legally sufficient to sustain appellant's conviction for violating section 39.04(a)(2).

The point of error is overruled, and the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed: February 7, 2008

Publish