**No. 01-15-00119-CV**

In the
Court of Appeals
for the
First Judicial District of Texas
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/14/2015 5:16:26 PM
CHRISTOPHER A. PRINE
Clerk

_____

387th Judicial District Court
Fort Bend County, Texas
Cause No. 14-DCV-211809

_____

**CHARLES MANDEVILLE, V**
*Appellant*

**DEBORAH MANDEVILLE**
*Appellee*

_____

**APPELLEE'S REPLY BRIEF**

Vicki L. Pinak
State Bar No. 16011357
12946 S. Dairy Ashford Rd. Suite 400
Sugar Land, TX 77478
Tel:281-240-2355;Fax:281- 240-2354
e-mail: Pinak@texadr.com
Attorney for Appellee

ORAL ARGUMENT NOT REQUESTED

1

## IDENTITY OF INTERESTED PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below:

Appellee:                Deborah Crowley previously known as Deborah Mandeville

Counsel
for Appellee:          Vicki L. Pinak

Appellant:             Charles Mandeville, V *Pro se*

Trial Court:           Hon. Brenda Mullinix
                           387th Judicial District Court
                           Fort Bend County, Texas

# TABLE OF CONTENTS

**Statement Regarding Oral Argument** …………………………………………………..1

**Identification of the Parties** …………………………………………………...2

**Table of Contents** …………………………………………………3

**Table of Authorities** …………………………………………………4

**Statement of the Case** …………………………………………………5

**Statement of Facts** ………………………………………………...........6

**Summary of the Arguments** …………………………………………………...7

**Reply to Appellant's first point of error** …………………………...………...8 - 14

**Reply to Appellant's second point of error**………………………….……14 - 17

**Prayer** …………………………………………………17

**Certificate of Compliance** …………………………………………………18

**Certificate of Service** …………………………………………………18

# TABLE OF AUTHORITIES

*BNSF Railway Co. v. Phillips,* No. 02-11—00250-CV, 2013 WL 3947820, *17 (Tex. App—Ft. Worth Aug. 1, 2013,  no pet.) …………………………………...9

*Cornejo v. Jones,*     (Tex. App.—Dallas 2014, orig. proceeding) …………..….…10, 11

*In re CH.E.,* 05-97-0005-CV, 1999 WL 498576 (Tex. App.—Dallas July 15, 1999, no pet.) ……………………………………………................8

*In re Marriage of Jeffries,* 144 S.W.3d 63, (Tex. App.—Texarkana, [6th Dist.] 2004) ……………………………………………………...17

*In re Staff Care, Inc.,* 422 S.W.3d 876, 883 (Tex. App.—Dallas 2014, orig. proceeding) …………………………………………..……10, 12, 13

*In re Toyota Motor Sales, U.S.A., Inc.,* 407 S.W.3d 746, 760 (Tex. 2013) ………. 8

*Leithold v Plass,* 413 S.W.2d 698 (Tex. 1967) …………………………...…17

*MacCallum v MacCallum,* 8001 S.W.2d 579, 582 (Tex. App.—Corpus Christi [13th Dist.] 1990, writ denied) …………………………………..17

*Malone v. Foster,* 956 S.W.2d 573, 578 (Tex. App.—Dallas 1997) ………………9

*Messier v. Messier,* 389 S.W.3d 904, (Ct. of App.—Houston [14th Dist.] 2012) ..17

*Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex. 1989) ………………………15

*Sw. County Enter., Inc. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 493-94 (Tex. App--Fr. Worth 1999, pet. denied) ………………………………...9

*Wild Rose -4- Rescue Ranch v. City of Whitehouse,* 373 S.W.3d 211, 217-18 (Tex. App.—Tyler 2012, no pet.) …………………………………………..9

*Worford v Stamper,* 801 S.W.2d 108, 109 (Tex. 1990) …………………...…15

*T.R.C.P*  Rule 90 …………………………………………………………15

*T.R.C.P*  Rule 193.6 …………………………………………….........9 – 13

4

## STATEMENT OF THE CASE

The affirmative pleadings at the time of trial were Appellee's Second Amended Petition for Divorce. (CR at 123) and Appellant's Original Counter-Petition for Divorce. (CR at 30) Appellant represented himself. Appellant left the jury trial before the first witness completed her testimony refused to participate in the trial, and did not return. (RR Excerpt of Jury Trial at 9-14) The Appellant did not present any evidence or cross-examine any witnesses at trial. The trial court entered a final decree of divorce on November 12, 2014. (CR at 377)

## STATEMENT OF FACTS

Appellee filed for divorce in the 387th Judicial District Court of Fort Bend County, Texas. (CR at 9) There are five (5) children born during the marriage. The parties live more than 100 miles from each other. The mother and children reside in Fort Bend County, Texas and the father resides in Oklahoma. (RR Vol. 2 at 4) The mother requested the father be supervised during his periods of possession. (CR at 123) The father was diagnosed with Paranoid Personality Disorder. (RR Vol. 2 at 49) After the parties separated and after the children visited their father, the children would come home afraid to go outside when the sun went down, out of fear of being killed or raped. (RR Vol. 2 at 40) The children were filled with the belief from the father that the world was going to end and everything was doomed. (RR Excerpt of Testimony at 12) The father's hatred was emotionally harming the children. (RR Excerpt of Testimony at 6) The father's anger over time escalated and intensified, when it should have dissipated. (RR Excerpt of Testimony at 7)

There trial court held a pretrial hearing and granted a motion in limine. (CR at 337) The Appellant left the trial, did not present any evidence, and did not return. (RR Excerpt of Jury Trial 9 - 14)

# SUMMARY OF THE ARGUMENTS

Appellant is not entitled to the requested relief because the granting of the motion in limine is not a ruling on the evidence and Appellant did not preserve any right to complain. Appellant left the trial and did not present any evidence.

The trial court has very broad discretion in determining the best interest of the children in family law matters. The best interest of the children is the primary consideration of the court in determining issues relating to possession of and access to the children. The pleadings and evidence support the ruling by the trial court.

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

**1. The Trial Court did not abuse its discretion by granting the motion in limine.**

In Appellant's first point he complains the trial court abused its discretion by granting a motion in limine and ruling that appellant "shall not mention or refer to a specific item, bank account as being his separate property as Charles Mandeville, V, failed to respond to the interrogatory request requiring him to identify and state the value of each item he claims is his separate property." (RR pretrial at 98 - 103)

Appellant admitted he did not answer the interrogatory request sent to him. (RR pretrial at 101)  This interrogatory request required Appellant to identify and state the value of each item he claimed to be his separate property. (RR pretrial pet. Ex. 1) Appellant was provided additional notice of the requirement to respond to the interrogatory request. (RR Pretrial at 98-99 and 105 pet. Ex. 2)  After Appellant admitted he did not answer the interrogatory request, he claimed the reason was because he did not want to put the cart before the horse. (RR pretrial at 101 – 103)

A trial court's granting, or denial, of a motion in limine does not preserve error. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 760 (Tex. 2013); *In re CH.E.*, 05-97-00055-CV, 1999 WL 498576 (Tex. App.—Dallas July 15, 1999, no pet.) To complain on appeal that the trial court erroneously excluded evidence, the appellant must have offered the evidence during trial and obtained an adverse

8

ruling from the trial court. *Malone v. Foster,* 956 S.W.2d 573, 578 (Tex. App.—Dallas 1997), *aff'd*, 977 S.W.2d 562 (Tex. 1998). To preserve error during trial the party must comply with the following: (1) approach the bench and ask for a ruling; (2) formally offer the evidence; and (3) obtain a ruling on the offer. *BNSF Railway Co. v. Phillips,* No. 02-11--00250-CV, 2013 WL 3947820, *17 (Tex. App—Ft. Worth Aug. 1, 2013, no pet.); *Wild Rose –4– Rescue Ranch v. City of Whitehouse*, 373 S.W.3d 211, 217-18 (Tex. App.—Tyler 2012, no pet.) If at that time, the court rules the evidence inadmissible after it is offered, the party must further preserve the evidence through an offer of proof. *See Sw. County Enter., Inc. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 493–94 (Tex. App—Ft. Worth 1999, pet. denied). An offer of proof requires a party, subsequent to a ruling excluding evidence, to show the substance of the evidence excluded. *Id.* at 494.

Appellant did not offer any evidence. In fact, the Appellant became so angry during day two of the trial that he left the courtroom and never returned. (RR Excerpt of Jury Trial at 9-14)  Appellant did not preserve error and has no right to complain now when he did not even attempt to enter evidence.

Appellant further complains of the trial court's ruling on the motion in limine  for failure to respond to an interrogatory as being an abusive sanction when there was no prior motion to compel a discovery response.  *Rule 193.6* of the Texas

9

Rules of Civil Procedure requires automatic exclusion of evidence for failure to respond to discovery unless an exception applies. The Rule states, in part:

193.6 Failing to Timely Respond - Effect on Trial

(a) Exclusion of evidence and exceptions. A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(b) Burden of establishing exception. The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.
*T.R.C.P. Rule 193.6*

The rule requires the evidence to be "automatically inadmissible" at trial, unless that party (i) establishes good cause for failing or waiting to respond or (ii) proves lack of unfair surprise or unfair prejudice. If neither exception is established, the trial court has "no discretion"; it must exclude the undisclosed evidence. *Cornejo v. Jones*, No. 05-12-01256-CV, 2014 WL 316607, at *2 (Tex. App.-Dallas Jan. 29, 2014, orig. proceeding); *In re Staff Care, Inc.*, 422 S.W.3d 876, 883 (Tex. App.--Dallas 2014, orig. proceeding).

In *Cornejo*, the Court reversed a judgment for defendant that was entered on a jury verdict because the trial court had allowed that defendant to testify even though he had not answered contention interrogatories. In *Cornejo*, an automobile collision case, Cornejo sued Jones. Shortly after Jones answered, Cornejo served him with contention interrogatories asking, among other things, for Jones's version of what caused the collision. Just before trial began, Cornejo objected to Jones's testifying because Jones had never answered the contention interrogatories. When Cornejo conceded he had never sought to compel answers, the trial court overruled the objection and allowed Jones to testify. Ultimately, the jury returned a verdict for Jones. The Court of Appeals reversed, finding that the trial court should have excluded Jones's testimony under TEX. R. CIV. P. 193.6(a) because Jones had ignored the contention interrogatories.

The Court explained that although "[r]ulings on the admissibility of evidence generally are reviewed on appeal for abuse of discretion," under Rule 193.6 "the trial court possesses no discretion." The evidence must be excluded unless the delinquent party carries its burden under Rule 193.6(b) to establish good cause for nondisclosure or lack of unfair surprise or prejudice if the evidence is admitted. Jones did not argue or present evidence that any of the Rule 193.6(b) exceptions applied. The Court rejected Jones's various arguments that Cornejo had

11

not preserved error. A party is not required to file a motion to compel discovery in order to secure the automatic sanctions of Rule 193.6(a).

*In re Staff Care* was a mandamus proceeding involving a number of discovery and evidentiary rulings. One issue dealt with the decision striking all of Staff Care's evidence of economic damages as well as the testimony of individuals it had identified as having knowledge of relevant facts. Staff Care had served amended disclosures providing its damages analysis and then identifying more than 200 persons with knowledge one and three days before the close of discovery, just over thirty days before trial. The requests for such disclosures, however, had been pending for about two years, and Staff care had delayed responding, provided no information at all until it served these disclosures shortly before the close of discovery.

The Court of Appeals denied Staff Care's application for mandamus relief from the order striking its evidence. It rejected Staff Care's arguments that its responses were timely, simply because they were made before the close of discovery and more than thirty days before trial. The Court said, "[T]here is no presumption that an amended disclosure made more than thirty days prior to trial is timely." It also declined to adopt Staff Care's contention that exclusion of its evidence amounted to a "death penalty" discovery sanction, requiring the consideration of less severe alternatives. The Court explained, "The rule [193.6(a)]

12

is mandatory, and the penalty—exclusion of evidence—is automatic, absent a showing of: (1) good cause or (2) lack of unfair surprise or (3) unfair prejudice." Staff Care's arguments did not satisfy any exception that would excuse its deliberate delay in disclosing information about its claimed damages. The Court did find that excluding about 170 of the potential witnesses was improper because they had previously been disclosed in other aspects of the discovery process, and therefore there was no "unfair surprise" as to those witnesses, *see* TEX. R. CIV. P. 193.6(a)(2) & (b); but otherwise it left intact the orders excluding Staff Care's evidence.

The rule requires the evidence to be "automatically inadmissible" at trial, unless that party (i) establishes good cause for failing or waiting to respond or (ii) proves lack of unfair surprise or unfair prejudice. Appellant's only excuse for not answering the interrogatory requiring him to specifically identify each item he claims to be his separate property was because it was "putting the cart before the horse," thus good cause could not be established. Further, Appellant admitted he did not file or provide a divorce inventory (RR pretrial at 169). Appellee did file a divorce inventory and it was entered into evidence. (CR 132 and RR Vol. 3 at 29 exhibit 2) Therefore, lack of unfair surprise could not be established. If neither exception is established, the trial court has no discretion and it must exclude the

undisclosed evidence. For the reasons stated above, the Court should affirm the ruling by the trial court and overrule Appellant's point of error.

## REPLY TO APPELLANT'S SECOND POINT OF ERROR

II.      The trial court did not abuse its authority by ordering supervised possession of the children and by not specifying grounds for deviating from a standard possession.

Appellant's second point claims the trial court abused its authority on two grounds:

1. Imposing supervised visitation for seeing any of the children when no request was made in any pleading; and

2. imposing supervised visitation where there were no grounds stated for seeking any deviation from a Standard Possession Order.

Appellant's first point fails as Appellee specifically requested supervised possession in her live pleading the Second Amended Petition for Divorce (CR at 123). Appellant's cited case authority of *Smith v. Aramark Corporation* is misplaced. *Smith v. Aramark Corporation* is a case involving summary judgments, a homeowner association, and the lack of third party beneficiary notice on non-contracting parties. In the case before this court, Appellee's Second Amended Petition for Divorce clearly provides notice of the requested supervised possession. (CR 123 page 3). There was no objection at trial to the introduction of evidence relating to supervised possession. There was no objection at the entry of the decree. Appellant waived any right to complain.

14

Appellant's second complaint is there were no grounds stated in the pleadings for seeking any deviation from a Standard Possession Order. Appellant is confused with the burden of proof at trial with the use of evidence and notice pleadings. Only notice pleadings are required, not specific reasons for each claim. If a party wishes to require more specific pleading of the other party, every defect in a pleading which is not specifically pointed out by exception in writing and brought to the attention of the judge shall be deemed to have been waived. *T.R.C.P. Rule 90*. Appellant never filed a special exception nor made such a request.

If the complaint by Appellant is about the trial court not specifying the underlying facts as to why the trial court deviated from a Standard Possession Order and ordered supervised visits, the burden is on the Movant to timely request findings of fact. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). Without a timely request for findings of fact, there is an inference that the trial court made all the necessary findings to support its judgment. *Id.* The record is then reviewed to determine whether some evidence supports the judgment. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). The court then may consider only the evidence "most favorable" to the trial court's judgment and uphold that judgment on any legal theory that finds support in the evidence. *Id.* In this case there was never a timely, or any, request for findings of fact. There was

ample evidence to show a deviation from a Standard Possession Order and the requirement of supervised possession was and is warranted.

After the children visited with their father, they became apathetic, nervous and exhibited paranoia about dangers, and fear of being killed or raped. (RR Vol. 2 at 37- 40) Appellee testified that Appellant felt that something was wrong with his mind and that is why they went to a counselor. (RR Vol 2 at 14-19) Later Appellant was diagnosed with Paranoid Personality Disorder. (RR Vol 2 at 49)

After the parties separated and after the children visited their father, the children would come home afraid to go outside when the sun went down. (RR Vol. 2 at 40) The children were filled with the belief from the father that the world was going to end and everything was doomed. (RR Excerpt of Testimony at 12) There was testimony that their father was so full of hatred that he was emotionally harming the children. (RR Excerpt of Testimony at 6) The father's anger over time escalated and intensified when it should have dissipated. (RR Excerpt of Testimony at 7) The only way to prevent such unrealistic paranoia being instilled upon these children is for close supervision of the children during visits with their father. A proposed parenting plan was introduced into evidence. (RR Vol. 3 at 46, exhibit 30) The Court considered all the evidence.

The trial court has very broad discretion in determining the best interest of a child in family law matters. *Leithold v. Plass*, 413 S.W.2d 698 (Tex.1967). The best interest of the child is the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child. *Messier v. Messier* 389 S.W.3d 904, (Ct. of App. – Houston [14th Dist.] 2012). The judgment of the trial court will be reversed only when it appears from the record as a whole that the court has abused its discretion. *MacCallum v. MacCallum*, 801 S.W.2d 579, 582 (Tex. App. - Corpus Christi [13th Dist.] 1990, writ denied). When there is some evidence of substantive and probative character to support the trial court's decision on issues of conservatorship and possession of child, no abuse of discretion occurs. *In re Marriage of Jeffries*, 144 S.W.3d 63, (Tex. App. - Texarkana, [6th Dist.] 2004). For the reasons stated above, the Court should affirm the ruling by the trial court and overrule Appellant's point of error.

## **PRAYER**

For the foregoing reasons, Appellee respectfully prays that the court confirm the judgment of the trial court, grant all relief in which Appellee is entitled, and overrule all relief requested by Appellant.

Respectfully submitted,


By: /s/ Vicki L. Pinak
Vicki L. Pinak
State Bar No. 16011357
12946 S. Dairy Ashford Rd. Suite 400
Sugar Land, TX 77478
Tel:281-240-2355;Fax: 281-240-2354
e-mail: Pinak@texadr.com
Attorney for Appellee


## Certification of Compliance

The undersigned attorney certifies that this document has a word count of 3,388 words based upon the representation provided by the word processing program that was used to create the document. TEX. R. APP.P. 9.4 (i).

/s/ Vicki L. Pinak
Vicki L. Pinak, Attorney for Appellee


## Certificate of Service

I certify that on the 14th day of May 2015, I served by certified mail return receipt requested 7014-3490-0001-6416-7825 a copy of this document to Charles Mandeville, V, pro se at 1323 Sunset Land, Guymon, OK 73942 and by e-mail,

a copy of this document to Charles Mandeville, V, pro se at southwest_biodiesel@hushmail.com.

/S/ Vicki L. Pinak
Vicki L. Pinak

18