Lorrie **FRAZIN,** Appellant,

v.

William J. **HANLEY** and Jane A. Hanley, Appellees.

No. 05–03–00110–CV.

Court of Appeals of Texas, Dallas.

Feb. 27, 2004.

Gary N. Schepps, Dallas, for Appellant.

John Leslie Thompson, Dallas, for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

Following a trial without a jury, Lorrie Frazin appeals the judgment against her and in favor of appellees William J. Hanley and Jane A. Hanley on their counterclaim for breach of contract. Appellant presents eighteen issues. She complains of the trial court's failure to make findings of fact and conclusions of law, the striking of her expert witnesses as untimely designated, and the denial of her motion for new trial. Additionally, she challenges the legal sufficiency of the evidence to support certain elements of appellees' cause of action, the amount of the trial court's damage award, pre- and post-judgment interest assessments, and the imposition and amount of the attorney's fees awarded against her. We conclude the evidence is legally sufficient to support the trial court's judgment. We further conclude, however, that appellant's expert witnesses were timely designated and, thus, the trial court abused its discretion in striking these witnesses. We therefore reverse the trial court's judgment and remand this matter to the trial court for further proceedings.

### I.

The parties' dispute arises out of appellant's refinancing of real property on which appellees' held a $75,000 real estate lien note. Appellant purchased the property from a third party who had previously bought it from appellees. Appellees financed a portion of the third party's purchase price through a $75,000 interest-only promissory note. When appellant bought the property, she assumed the $75,000 note. She and appellees later signed a modification of the note authorizing an extension of the note's maturity date and a change in payments that would amortize both the principal loan amount and interest.

Years later, appellant decided to refinance the property. During the refinancing process, a disagreement arose between appellant and appellees with respect to the balance owed on the note. Although the closing on the refinancing proceeded, appellees never received the note's payoff amount or, alternatively, the next monthly payment that was due on the note. Instead, appellant filed this lawsuit and obtained a temporary restraining order enjoining any disbursement from the refinancing proceeds to appellees.

The case was scheduled for trial on August 20, 2002. On July 11, 2002, appellees filed a counterclaim. They sought the balance due on the note, alleging appellant breached their agreement to pay off the note in exchange for the release of their lien on the property. On July 19, 2002, appellant supplemented her discovery responses to include the names of three experts she expected to testify at the trial. Appellees moved to exclude these experts

from testifying asserting they were untimely designated. The trial court agreed with appellees and struck all three of appellant's expert witnesses. Appellant ultimately caused all of her affirmative claims to be dismissed leaving appellees' counterclaim for breach of contract the only remaining claim at issue in the case. At the conclusion of the trial on appellees' breach of contract claim, the trial court rendered judgment against appellant for $28,095.86 in actual damages, $12,900 in attorney's fees, plus conditional attorney's fees totaling $6,000 in the event of unsuccessful appeals to an intermediate appellate court and the Texas Supreme Court. The trial court also assessed post-judgment interest at the rate of twelve percent compounded annually. Appellant then timely filed this appeal.

### II.

■■■■ Generally, when a party presents multiple grounds for reversal on appeal, appellate courts first address those issues that would require rendition. *Natural Gas Pipeline Co. of America v. Pool*, 124 S.W.3d 188, 201, 47 Tex. Sup.Ct. J. 153, 162 (Tex., 2003). We therefore begin our analysis with appellant's fourth and fifth issues that challenge the legal sufficiency of the evidence to support the trial court's judgment. *See id.* Specifically, appellant complains the trial court erred in granting judgment on appellees' breach of contract claim because there is no evidence of contract formation or substantial performance by appellees. When reviewing a legal sufficiency challenge, we limit our consideration to the evidence and inferences that support the trial court's finding, disregarding all contrary evidence and inferences. *See Continental Coffee Products v. Cazarez*, 937 S.W.2d 444, 451 (Tex.1996). We reject a legal sufficiency challenge if there is anything more than a scintilla of evidence to support the finding. *Id.*

■■■■ The elements of a breach of contract cause of action are: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from the breach. *Kay v. North Texas Rod & Custom*, 109 S.W.3d 924, 927 (Tex.App.-Dallas 2003, no pet.).

■■■■ Appellant initially challenges the evidentiary support for the first element of appellees' cause of action, namely, the existence of a valid contract. She asserts there was no evidence that appellees' offer to release the lien in exchange for the note's payoff was ever accepted by appellant. We disagree.

At trial, William Hanley testified that after appellant called him to say she was refinancing the property, he received communications from a lending institution and a title company asking if he would release the lien on the property and asking for the amount due on the note at that time. According to Hanley, he was told that appellant wanted to refinance, but as a condition to the refinance, he would have to release the lien. Hanley testified that he sent via e-mail the requested payoff amount, daily interest rate, and agreed to release the lien. This is more than a scintilla of evidence to support the formation of a contract between the parties. In reaching this conclusion, we necessarily reject appellant's contention that there was no evidence that either the lending institution or the title company had authority to bind appellant to the alleged agreement or that William Hanley was authorized to enter an agreement on behalf of his wife Jane with whom he jointly held the lien. The evidence indicates that the lending institution and title company contacted Hanley on appellant's behalf pursuant to her request that her loan with appellee be refinanced.

Consequently, these entities could be seen as having apparent authority to bind appellant. *See BML Stage Lighting, Inc. v. Mayflower Transit, Inc.,* 14 S.W.3d 395, 401 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (apparent authority exists "when a principal clothes its agent with the semblance of authority such that a reasonably prudent person would be justified in believing that the agent has the power the person assumes he has"). Moreover, Hanley testified that he represented his wife in the negotiations with respect to appellant's note. We conclude appellant's fourth issue is without merit.

In her fifth issue, appellant asserts there was no evidence of appellees' substantial performance of the alleged agreement because no release was offered into evidence and there was no evidence that Jane Hanley signed any release or document purporting to release the lien. Hanley testified that he released the lien by e-mail. Moreover, there was evidence that the refinancing loan was closed. In light of Hanley's testimony that the refinancing was conditioned upon appellees' release of the lien, it can be reasonably inferred that appellees did in fact release their lien. Accordingly, we conclude there is more than a scintilla of evidence showing that appellees performed or tendered performance. We resolve appellant's fifth issue against her.

Having determined that appellant is not entitled to a reversal and rendition on her legal sufficiency issues, we next turn to her second issue in which she complains about the trial court's exclusion of her defensive and rebuttal expert witnesses. Appellant argues that she timely designated these experts within eight days after appellees first filed their counterclaim against her and before the end of the discovery period. Appellees contend appellant has waived this issue by failing to

cite any authority in her brief to support her position. The Rules of Appellate Procedure require the argument portion of a brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h). We liberally construe the briefing rules. TEX. R.APP. P. 38.9. Appellant's brief devotes over two pages of argument on this issue in which she sets forth her reasoning and makes appropriate references to the record. Although she has not cited any case law under this issue, she has cited to various discovery rules in The Texas Rules of Civil Procedure to support her contention. We will address the merits of this issue.

We review the trial court's exclusion of an expert because of an improper designation under an abuse of discretion standard. *See Mentis v. Barnard,* 870 S.W.2d 14, 16 (Tex.1994). A trial court abuses its discretion when it acts arbitrarily, unreasonably or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985).

In the absence of a court order specifying otherwise, the rules of civil procedure set forth the following mandatory schedule for the designation of expert witnesses: a party seeking affirmative relief must designate ninety days before the end of the discovery period; all other parties must designate sixty days before the end of the discovery period. TEX.R. CIV. P. 195.2. Supplemental discovery responses relating to expert testimony, however, are governed by Rule 193.5(b). Such responses must be made "reasonably promptly after the party discovers the necessity for such a response." TEX.R. CIV. P. 193.5(b). A response made less than thirty days before trial is presumed to be not reasonably promptly made. *Id.*

■ As noted above, this case was scheduled for trial on August 20, 2002. The parties agree the discovery period ended on July 21, 2002. *See* Tex.R. Civ. P. 190.3(b)(1)(B). The deadline for designating defense expert witnesses was therefore May 22, 2002. *See* TEX.R.APP. P. 195.2(b). Appellees, however, filed their counterclaim about fifty days *after* this deadline had passed. Appellant supplemented her discovery naming three expert witnesses eight days after appellees' counterclaim was filed. She designated her first expert to testify on "proper accounting of loan balance." Appellant's second expert's testimony was expected to encompass "atty fees and the reasonableness and necessity thereof, ... his training, experience and knowledge of customary fees charged by attorneys practicing in Dallas county in like cases. [The expert] is further expected to testify as to proper accounting of loan balance interest, etc. and Tex.R. Civ. P. 13." The third expert was also expected to testify with respect to attorney's fees.

Appellees' counterclaim was filed only forty days before the scheduled trial date, making it impossible for appellant to comply with the general rule applicable to designating defense witnesses. Appellant submitted her supplemental discovery response disclosing the three experts, however, only eight days after appellees' counterclaim was filed and thirty-one days before the trial date. Based on the record before us, we conclude appellant's supplemental disclosure identifying the defense experts was reasonably promptly made. There was no evidence that appellant delayed disclosing these witnesses. In fact, her obligation to disclose defense witnesses did not even arise until appellees filed their counterclaim against her. Once filed, appellant supplemented her discovery responses disclosing the experts within eight days. Accordingly, the trial court abused its discretion in excluding these experts from testifying on behalf of appellant as defense witnesses. Moreover, because the testimony of these experts was the only evidence appellant had to dispute appellees' calculation of damages and attorney's fees, appellant was necessarily harmed by their exclusion.

To the extent appellees argue that two of appellant's experts were designated to testify as experts only on appellant's affirmative claims and not as rebuttal or defense experts, our review of appellant's supplemental discovery responses reveals her designation was not so limited. We also reject appellees' contentions that appellant failed to disclose "expert related documents" or the "general substance of the expert's mental impressions and opinion's and a brief summary of the basis for them." Appellant's supplemental disclosure referred to attached documentation and the documentation attached to plaintiff's original disclosure responses. There is no indication in the record before us that these responses were inadequate. Because we conclude the trial court abused its discretion in excluding her defense experts as untimely designated, we resolve appellant's second issue in her favor.

Our resolution of this issue is dispositive and makes it unnecessary to address appellant's remaining issues. *See Natural Gas Pipeline*, 124 S.W.3d 188, 201, 47 Tex. Sup.Ct. J. at 162. We reverse the trial court's judgment and remand this matter for further proceedings.