**GRANT; and Opinion Filed January 31, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-01477-CV

### IN RE STAFF CARE, INC., Relator

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-03615**

# OPINION

Before Justices Moseley, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Relator Staff Care, Inc. purchased a physician staffing business from one of the real

parties in interest. Real parties in interest, defendants in the trial court, started a competing

business called Consilium Staffing, Inc. Staff Care sued Consilium and four individuals for

breach of contract, theft of trade secrets, tortious interference, and other claims. Later, Staff Care

amended its petition to add eight new individual defendants.[1]

Staff Care filed this petition for writ of mandamus after the trial court signed an order

denying certain motions to compel discovery and denying Staff Care's appeal of a ruling by an

associate judge.[2] Staff Care raises three issues. First, Staff Care complains of the trial court's

---

[1] We will refer to real parties in interest collectively as defendants. Where it is necessary to distinguish among them, we will refer to real parties in interest as Consilium, the original defendants, and the additional defendants.

[2] This order was entered after we issued our opinion and order of mandamus in *In re Staff Care, Inc.*, No. 05-13-00987-CV, 2013 WL 4506571 (Tex. App.—Dallas Aug. 21, 2013) (orig. proceeding) (mem. op.). In that proceeding, Staff Care complained of the trial court's failure to rule on numerous pending motions. We conditionally granted the petition, directing the trial court to rule on the motions but expressing no

denial of its motions to compel production of documents that are "essential to establishing [Staff Care's] claims and damages." Second, Staff Care complains of the trial court's denial of its motion to compel the depositions of the additional defendants and four "key employees" of Consilium. Third, Staff Care complains of the trial court's denial of its appeal of a ruling by an associate judge "striking all of [Staff Care's] damages evidence" by striking Staff Care's amended and supplemental disclosure responses. All of the challenged rulings were made in a single order dated September 11, 2013.[3]

## STANDARDS FOR MANDAMUS

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Mandamus is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Id.* In order to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004); *Walker*, 827 S.W.2d at 839–40. Staff Care has met this burden in part. We therefore conditionally grant the writ of mandamus in part and deny it in part.

---

opinion on the merits of any of Staff Care's motions or the associate judge's order. *Id.* at *1. The trial court held a hearing on all of the pending matters on September 4, 2013, and signed a written order dated September 11, 2013. Relator challenges only some of the trial court's eight rulings in this order.

[3] The trial court's order of September 11, 2013, includes orders on eight motions filed by Staff Care. The mandamus record includes only three of these motions, those addressed in paragraphs 3, 4, and 5 of the order: Plaintiff's Third Motion to Compel Discovery (originally filed September 26, 2012, and supplemented on May 23, 2013), Plaintiff's Fourth Motion to Compel Discovery (filed June 21, 2013), and Plaintiff's Motion to Compel Depositions (filed May 23, 2013). The mandamus record does not include the motions referenced in paragraph (1) ("Plaintiff's Motion to Reconsider Its Further Motion for Continuance and Motion for Leave to Extend Deadlines and Enter Revised Scheduling Order"), paragraph (2) ("Plaintiff's Motion to Appoint Special Discovery Master"), paragraph (6) ("Plaintiff's Second Motion to Compel Depositions"), paragraph (7) ("Plaintiff's Motion to Continue the Deposition of Defendant Crowdis"), and paragraph (8) ("Plaintiff's Appeal of Order Granting Defendants' Motion to Compel Discovery and Motion to Strike Staff Care's Disclosures," although the record does include the challenged order of the associate judge, dated July 11, 2013). Because Staff Care complains here of only four of the eight rulings, we express no opinion regarding the remaining four.

**DEPOSITIONS OF PARTIES AND KEY WITNESSES**

In its second issue, Staff Care complains of the trial court's denial of its motion to compel the depositions of the eight additional defendants (real parties in interest Brent Burrows, Sheri Ossorio, Tisha Schwartz, Jessica Ferguson, Jill Kennedy, Matt Kennedy, Melissa Palmer, and Joseph Hawkins) and four "key employees" of Consilium who are not individual defendants (Monique Degraauw, Lauren Etter, Christina Stephens, and Landon Webb). The eight named defendants were added to the lawsuit in September, 2012. The four key employees were designated as persons with knowledge of relevant facts by Consilium and other defendants.

Defendants argue that the requests to depose these individuals were untimely. Formal deposition notices for these witnesses were sent on May 8, 2013. The depositions were noticed to take place on May 29 (Ossorio), May 30, (Jill Kennedy and Matt Kennedy), May 31 (Degraauw and Etter), June 3 (Stephens), June 4 (Burrows), June 5 (Schwartz), June 6 (Ferguson), June 7 (Palmer), June 10 (Webb), and June 11 (Hawkins). Both the notices and the noticed dates preceded the close of the discovery period on June 14 under the agreed scheduling order. Defendants moved to quash these notices, and Staff Care filed its motion to compel on May 23, 2013. This motion was not heard until September 4, 2013, after our original mandamus order, and was denied in the trial court's September 11, 2013 order.

Defendants do not argue that the discovery sought was not relevant or not permitted under the rules of civil procedure. Instead, they cite *State v. Wood Oil Distributing*, 751 S.W.2d 863, 865 (Tex. 1988), in support of their argument that Staff Care's requests were untimely because Staff Care failed to diligently pursue discovery. In that case, however, the issue was the trial court's denial of a continuance where the defendant had not taken any discovery in the two years during which the case had been pending. *See id*. at 864. The defendant moved for a continuance on the morning of trial to obtain additional time for depositions. *Id.* Noting that

–3–

"the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance," the court held that the trial court did not abuse its discretion by denying the continuance. *Id.* at 865 (citing *Fritsch v. J.M. English Truck Line, Inc.*, 151 Tex. 168, 246 S.W.2d 856, 858–59 (1952)).

Here, in contrast, Staff Care's motion to compel attached correspondence between counsel for the parties indicating that Staff Care initially requested the depositions of Degraauw, Webb, Etter, Jill Kennedy, and Matt Kennedy by letter dated June 27, 2012, and of Burrows, Ossorio, Schwartz, Ferguson, Palmer, Hawkins, and Stephens by letter dated November 12, 2012. Several e-mails between counsel were also attached to the motion to compel showing additional efforts to schedule depositions of these witnesses. In addition, the record reflects that Staff Care sought other discovery and took other depositions during the interim between this correspondence and the service of formal notices in May 2013. Unlike the defendant in *Wood Oil Distributing*, Staff Care did not wait until the morning of trial to make its requests or to compel the discovery. *See id.* at 864. Its deposition notices and the scheduled depositions were within the time for discovery under the agreed scheduling order. The motion to compel was also timely, filed prior to the June 21 deadline for motions to compel.

At the hearing on the motion to compel, defendants argued that they agreed to produce these witnesses for deposition, but Staff Care refused unless defendants also agreed to extend other deadlines and allow other additional discovery. Defendants were not required, however, to agree to additional conditions or extensions of time. And under Rule 199.4, Texas Rules of Civil Procedure, defendants could (and did) object to the time and place of the deposition by filing a motion to quash Staff Care's deposition notices. But defendants cite no authority for the proposition that Staff Care was not permitted to depose the witnesses at another time and place when Staff Care made a timely request. *See* TEX. R. CIV. P. 199.1(a) ("A party may take the

–4–

testimony of any person or entity by deposition on oral examination . . . .").  And they cite no authority for the proposition that the trial court had discretion to deny Staff Care's motion to compel under these circumstances.  Staff Care has been denied the opportunity to depose parties and key witnesses to the lawsuit.  Mandamus may issue where a party "is effectively denied the ability to develop the merits of the case." *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941–42 (Tex. 1998).  We sustain Staff Care's second issue.

### AMENDED DISCLOSURES

In its third issue, Staff Care complains of the trial court's denial of its appeal of a ruling by an associate judge "striking all of [Staff Care's] damages evidence."  The ruling in question granted defendants' motion to strike Staff Care's amended and supplemental responses to requests for disclosure under Rule 194, Texas Rules of Civil Procedure.  Staff Care served the amended disclosure responses on June 11, 2013, and the supplemental disclosure responses on June 13, 2013,[4] immediately before the close of the discovery period on June 14.  However, the disclosure was made in response to a request to disclose "the amount and any method of calculating economic damages" that had been pending for approximately two years.  The associate judge's ruling struck the amended and supplemental disclosures in their entirety, including the designation of approximately 200 persons with knowledge of relevant facts.  In its argument under its third issue, Staff Care complains of the striking of both its damages disclosures and its designation of persons with knowledge of relevant facts.

The standard for determining whether Staff Care's amended and supplemental disclosures were timely is whether they were made "reasonably promptly after the party discovers the necessity for such a response."  TEX. R. CIV. P. 193.5(b) (regarding time of

---

[4] The only amended and supplemental disclosures in the record are dated June 11 and 13, 2012; we assume this is a typographical error and that the correct date is 2013.

amended or supplemental discovery responses). Rule 194.3 required Staff Care to initially respond to the request for disclosures within thirty days and Staff Care had no reason to delay providing in its response economic damages because Staff Care could not be impeached if it later amended its economic damages disclosures as the case progressed. *See* TEX. R. CIV. P. 194.6. Staff Care argues that its amended and supplemental disclosures were timely because they were made within the discovery period and more than thirty days prior to the date for trial. But there is no presumption that an amended disclosure made more than thirty days prior to trial is timely. *See Snider v. Stanley*, 44 S.W.3d 713, 715 (Tex. App.—Beaumont 2001, pet. denied) (although rule includes presumption that supplement made less than thirty days before trial is untimely, there is no opposite presumption that supplement made more than thirty days before trial is timely). And here, it is undisputed that Staff Care made no disclosures at all regarding any of its damages at any time before June 11, 2013. The record reflects that defendants' request for that information had been pending for approximately two years, and that defendants had questioned Staff Care's president on the subject in his deposition, but the information was never provided.

The motion filed by defendants to strike Staff Care's amended and supplemental disclosures was based on Rules 193.5 and 193.6, Texas Rules of Civil Procedure, regarding exclusion of evidence that is not timely disclosed. The burden was on Staff Care to prove good cause for the untimely response, or lack of unfair surprise or unfair prejudice. TEX. R. CIV. P. 193.6(b). Staff Care cites *Frazin v. Hanley*, 130 S.W.3d 373 (Tex. App.—Dallas 2004, no pet.), in which we held that it was error to strike the plaintiff's expert witness designations, even though the designations were not made by the applicable deadline. In *Frazin*, however, the experts were designated in response to a new counterclaim not pleaded by the defendants until fifty days after the expert designation deadline had passed. *Id.* at 378. The designation was made within eight days after the counterclaim was filed, and thirty-one days before the trial date.

*Id.* We concluded that the designation was "reasonably timely" under Rule 193.5(b), Texas Rules of Civil Procedure. *See id.* at 377–78.

Staff Care argues that as in *Frazin*, it was "forced to develop a new damages model" in response to various actions by the trial court in late May. Staff Care contends that the trial court's denial of a continuance of the trial date, denial of Staff Care's motion to reconsider a partial summary judgment order, and resetting of a hearing on its third motion to compel for a date after the close of discovery were triggering events forcing Staff Care to "abandon its primary damage model." We do not agree that these three events are similar to the appellee's pleading of a new counterclaim in *Frazin*. First, Staff Care does not raise the denial of its motion for continuance as a ground for mandamus, and provides no argument or authority regarding any abuse of discretion with respect to that order. Second, as discussed in more detail below, the third motion to compel did not seek to compel any discovery of damages until Staff Care filed a "supplement" to the motion on May 28, 2013, and neither the original nor the supplemental third motion to compel cited to any pending discovery request for that information. Third, the trial court's partial summary judgment ruling was initially made on March 11, 2013, and it addressed only the scope of the noncompetition agreements for the original defendants. The trial court's May 29, 2013, summary judgment order after reconsideration only changed the previous order by deleting the reformation of the clauses. The trial court's original ruling that the clauses were unenforceable as written was unchanged, and Staff Care does not raise this ruling as a ground for mandamus. Unlike the circumstances in *Frazin*, none of these events introduced a new cause of action into the case to which Staff Care had no opportunity to respond. *See Frazin*, 130 S.W.3d at 377–78. *Frazin* is distinguishable.

Staff Care also argues that the striking of its amended disclosure responses constituted a "death penalty" discovery sanction, and that therefore, the trial court was required to consider

lesser sanctions before granting defendants' motion to strike. We disagree. In discussing Rule 193.6, we have explained, "The rule is mandatory, and the penalty—exclusion of evidence—is automatic, absent a showing of: (1) good cause or (2) lack of unfair surprise or (3) unfair prejudice." *Oscar Luis Lopez v. La Madeleine of Texas. Inc.*, 200 S.W.3d 854, 860 (Tex. App.— Dallas 2006, no pet.). We continued, "The sanction of automatic exclusion of undisclosed evidence, subject to the exceptions set forth in the rule, is well established. The party offering the undisclosed evidence has the burden to establish good cause or lack of surprise, which must be supported by the record." *Id.* (citations omitted). The trial court applied the proper standard under Rule 193.6. *See id.*

Defendants argued that Staff Care's failure to disclose its damages theory until a few days before the close of discovery prevented it from conducting any discovery on Staff Care's damages calculations. Part of this problem, however, was of the parties' own making.[5] The parties' agreed scheduling order did not provide for progressive deadlines under which they could review discovery responses, resolve disputes, and conduct any additional discovery needed after any timely amendments were made. Defendants also argued, however, that regardless of any discovery cutoff, Staff Care failed to disclose *any* information about its claimed damages— even the names of persons with knowledge or expected methods of calculation—until one and three days before the close of the discovery period which was long after Staff Care's president testified that Staff Care had "not done that level of due diligence" to determine any damages or any economic loss to Staff Care. Defendants also pointed out that requests for that information had been pending for more than two years, and that the persons Staff Care ultimately designated as having knowledge of damages information were all employees of Staff Care or in Staff Care's

---

[5] In addition, the trial court had discretion to address this problem by granting a continuance "to allow opposing parties to conduct discovery regarding any new information presented by that response." TEX. R. CIV. P. 193.6(c).

control, listing Staff Care's counsel for their contact information. And although Staff Care did not take the depositions of the additional defendants, it did depose the original defendants and a corporate representative of Consilium, but failed to disclose any damages information relating to the discovery it conducted from those parties. The associate judge and the trial court could have concluded that in light of all of these facts, Staff Care's amended and supplemental disclosures were not made "reasonably promptly" after Staff Care discovered the necessity for an amended response, and that Staff Care did not meet its burden of establishing good cause or lack of unfair surprise or unfair prejudice. *See* TEX. RS. CIV. P. 193.5(b), 193.6(b).[6]

Staff Care also argues that its disclosure of some 230 persons with knowledge of relevant facts in its amended and supplemental disclosures was timely and did not constitute unfair surprise. Staff Care argues, and defendants do not dispute, that "only a handful" of names were actually new.[7] Staff Care therefore carried its burden to establish lack of unfair surprise regarding the identity of the previously-disclosed individuals, and the disclosures of the names of those persons should not have been stricken. *See* TEX. R. CIV. P. 193.6. But to the extent the substance of the disclosures added new information regarding Staff Care's untimely damages theory, we conclude that the trial court did not clearly abuse its discretion in denying Staff Care's appeal of the associate judge's order granting defendants' motion to strike.

---

[6] We also reject Staff Care's argument that the deadlines in the agreed scheduling order could not be enforced after the original July 22, 2013 trial date passed. Relying on *H.B. Zachry Co. v. Gonzalez*, 847 S.W.2d 246 (Tex. 1993) (per curiam), Staff Care contends that because our August mandamus order "reset" the trial date, all of the discovery deadlines were "automatically nullified." We rejected this argument in *In re Carpenter*, No. 05-08-00083-CV, 2008 WL 384569 at *1–2 (Tex. App.—Dallas Feb. 14, 2008) (orig. proceeding) (mem. op.), concluding that *Zachry* addressed the deadline for disclosing witnesses under former Rule 215(5) of the Texas Rules of Civil Procedure, not a pleading deadline that was not "tied to the original . . . trial date." We denied a petition for mandamus challenging an order striking an amended answer as untimely under the trial court's scheduling order. *Id.* Similarly, here, none of the deadlines at issue were tied to the agreed trial setting. In addition, the parties made a specific agreement in the scheduling order that absent written agreement, "the schedules set forth herein will not be extended except for good cause shown and upon written order of the court." The trial court applied the deadlines to all parties; for example, the trial court refused to allow defendants to set summary judgment motions for hearing that were not timely filed.

[7] Because some 170 of the names are redacted from the record, we cannot make any determination whether those persons were previously disclosed. For the remainder, the record supports Staff Care's contention that "only a handful" of the names are new. The record also supports, however, defendants' contention that Staff Care did not disclose any knowledge of damages for any of the persons listed until the amended disclosures on June 11, 2013.

–9–

In its first issue, Staff Care contends that the trial court abused its discretion in denying its motions to compel documents that are essential to establishing its claims and damages. The two motions at issue are Staff Care's third motion to compel documents, as supplemented, and its fourth motion to compel documents.

We first conclude that the trial court did not abuse its discretion in its rulings on the third motion to compel, which was granted in part and denied in part in the trial court's September 11, 2013 order. The third motion to compel was filed in September 2012, and a hearing was held on the motion in November 2012. The trial court did not rule on the motion during or after the hearing, and the motion was one of the subjects of the previous mandamus proceeding. *See In re Staff Care, Inc.*, 2013 WL 4506571 at *1. Staff Care now contends that because of the trial court's delay in ruling on the third motion to compel, "Staff Care could not meaningfully pursue the discovery critical to establishing its damages."

The third motion to compel, however, did not seek to compel production of documents relating to Staff Care's damages until May 28, 2013, when Staff Care filed a "supplement" to the motion.[8] The supplement added requests to compel the production of "documents establishing the pay rates, bill rates, client contracts, client contacts, volume of business, [and] profits" for

---

[8] The original third motion to compel requested seven categories of information:

(1) All relevant documents and information regarding their Valley View and Las Colinas offices (including specifically why/when the Valley View Office was set up and/or closed down and what activities have taken place and/or which employees have worked at the Los Colinas Office since the inception of this lawsuit);
(2) All Individual Defendants to provide "matched" lists based on verified Consilium records rather than from memory (such lists to be accompanied by the underlying records so that Plaintiff's counsel may verify their accuracy);
(3) A complete list of all past, current and prospective clients and providers that any Consilium employee has ever solicited, contacted, communicated with and/or done business with since the first Individual Defendant became an employee of Consilium;
(4) Defendant Etter to provide his laptop on which he conducted Staff Care business for inspection;
(5) An unredacted version of Consilium's Limited Liability Company Agreement;
(6) Complete responses and all related documents related to Requests for Production 6, 32-34, 37-39, 41-42, 47, 51-53, 55, 57-66, and 71-72 in Plaintiff's Third Request for Production; and
(7) A definitive date thereafter for the deposition of Consilium's corporate representative.

The numbered requests for production in paragraph 6 seek items such as documents reflecting the defendants' e-mail addresses and cell phone numbers; the agreements between defendants and their counsel; communications between Consilium and Staff Care; and Consilium documents such as "documents that were created from Staff Care documents."

each doctor and facility named on a "matched list." Neither the supplement nor the original third motion to compel contains a reference to a corresponding discovery request propounded by Staff Care seeking this information, and we have not found one in the record.

The record reveals instead that the focus of the third motion to compel was furtherance of the "matching" process, by which Staff Care sought to require production of a list of Consilium's clients which could then be "matched" against a list of Staff Care's clients to determine any overlap. The record also reveals that the matching process was vigorously contested at three prior hearings on Staff Care's first and second motions to compel. From the outset, the trial court made clear that Staff Care could not obtain Consilium's "entire client base." But the record is also clear that the trial court required defendants to undertake a narrower matching process, and this process resulted in the identification of some ninety clients. At the hearing on the third motion to compel, the trial court ordered that defendants' corporate representative appear for deposition and testify regarding information in Consilium's client database. Although the court deferred ruling on Staff Care's request for sanctions and other issues raised in the third motion to compel (such as the production of a laptop computer used by one of the defendants), the court urged the parties to obtain a hearing on defendants' motion for partial summary judgment on the scope of the noncompetition agreements at issue after taking the discovery Staff Care desired in order to respond. We conclude that the trial court did not clearly abuse its discretion in its rulings on the third motion to compel.

We also conclude that the trial court did not clearly abuse its discretion in denying Staff Care's fourth motion to compel. The fourth motion to compel was timely, filed on June 21, 2013, the last day for filing motions to compel under the scheduling order. It is the first motion to compel responses from the additional defendants, because written discovery requests were not

served on these parties until the latter part of the discovery period. The motion was heard for the first time on September 4, 2013, and was denied in the September 11 order.

The motion attaches copies of defendants' responses to the discovery requests at issue; these are dated June 14, 2013 (Consilium's response to fourth request for production); June 13, 2013 (responses of Burrows, Ossorio, Schwartz, Ferguson, J. Kennedy, M. Kennedy, and Palmer to first discovery requests); January 10, 2013 (Consilium's second supplemental answers to second set of interrogatories); October 29, 2012 (Etter, Crowdis, and Baade second supplemental answers to second set of interrogatories); October 27, 2011 (Etter, Crowdis, Baade, and Consilium responses to second request for production); August 22, 2011 (Consilium's supplemental answers to first set of interrogatories); August 19, 2011 (Moberly, Etter, Gentile, and Baade supplemental answers to first set of interrogatories); May 27, 2011 (Moberly, Etter, Gentile, Baade, and Consilium responses to first request for production). All but the June, 2013 responses were the subjects of prior motions to compel that were denied by the trial court.

The fourth motion to compel summarizes the relief requested:

> Staff Care asks the Court to compel: (1) Consilium's complete client and provider lists; (2) documents establishing every placement a former Staff Care employee has made for or on behalf of Consilium and the corresponding bill and pay rates for each placement; (3) documents establishing all commission such employees have made off of such placements; (4) all Blue Sky data supporting (2) and (3) above; and (5) supplemental responses to all pending discovery (where applicable). Without this critical information, Staff Care will be severely prejudiced at trial and will be unable to properly oppose Defendants' No Evidence Motion for Summary Judgment.

The trial court determined more than once that requests for "complete client and provider lists," and documents revealing "every placement" ever made by any of the defendants were overbroad. In this fourth motion, however, Staff Care moved to compel responses to the same requests without revision. We conclude that the trial court did not clearly abuse its discretion in

–12–

declining to grant motions to compel responses to the same discovery requests it had considered and rejected previously.

As to the additional defendants, the record reflects that each answered numerous requests for admission, interrogatories, and requests for production served on them before the end of the discovery period. The responses indicate that some documents were to be produced, but the record does not include them. The September 4, 2013, hearing transcript indicates that Staff Care also requested that these defendants undertake a "matching" process with a list provided by Staff Care, but the record does not include either the request or the list. On this record, and in light of our ruling that Staff Care should be permitted to depose these parties, we cannot say that the trial court clearly abused its discretion by denying the portion of the fourth motion to compel as to these parties.

## CONCLUSION

Accordingly, we conditionally grant Staff Care's petition for writ of mandamus in part. A writ will issue only in the event the trial court fails to vacate the following portions of its September 11, 2013 order: paragraph (5)[9] (denying motion to compel depositions); and the portion of paragraph (8) denying Staff Care's appeal of the associate judge's order granting defendants' motion to strike from Staff Care's supplemental and amended disclosures of June 11 and 13, 2013, the names of persons that were previously disclosed in discovery.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131477F.P05

---

[9] The eight motions ruled on in the trial court's September 11, 2013 "Order on Various Motions" are numbered differently in a list on page 1 of the Order than on pages 2 to 7 of the Order containing the trial court's substantive rulings. We use the numbering of the substantive rulings.